UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALLAN GARON,            )
       Plaintiff     )
                        )
v.                      )     Case No. 05-4088
                        )
MILLER CONTAINER CORP., )
       Defendant     )

**ORDER**

Now before the court is the plaintiff's motion in limine (Doc. #20). The motion is fully briefed. For the following reasons, the motion is granted in part and denied in part.

Plaintiff first argues that evidence of the amount of unemployment compensation he received should be excluded, as unemployment compensation is a collateral source and therefore not to be considered by the fact finder. He also asserts that the jury should be instructed not to reduce damages on account of unemployment compensation benefits.

The collateral source rule prohibits the deduction from damages any money the victim received from sources independent of the transaction giving rise to the claim. The purpose of the rule is not to prevent the plaintiff from being overcompensated but rather to prevent the tortfeasor from paying twice. Thomas v. Shelton, 740 F.2d 478, 484 (7th Cir. 1984). "[A]pplication of the collateral source rule "depends less upon the source of funds than upon the character of the benefits received." Haughton v. Blackships, Inc., 462 F.2d 788, 790 (5th Cir. 1972), quoted in U.S. Can Co. v. N.L.R.B., 254 F.3d 626 (7th Cir. 2001). The collateral source rule focuses on what the tortfeasor should pay, rather than on what the plaintiff should receive. EEOC v. O'Grady, 857 F.2d 383, 389 (7th Cir. 1988).

Unemployment compensation is a collateral source. NLRB v. Gullett Gin Co., 340 U.S. 361, 364-5 (1951), Perry v. Larson, 794 F.2d 279, 286 (7th Cir. 1986). In the Seventh Circuit, the decision whether to deduct unemployment compensation benefits is discretionary. Id.. See also, Horn v. Duke Homes, Inc., 755 F.2d 599, 607 (7th Cir. 1985); Hunter v. Allis-Chalmers Corp. Engine Div., 797 F.2d 1417, 1428 (7th Cir.1986); Orzel v. City of Wauwatosa Fire Dept., 697 F.2d 743, 755 (7th Cir.1983); Kohnke v. Delta Airlines, Inc., No. 93 C 7096, 1995 WL 478858, at * 4 (N.D.Ill. March 20, 1995); Stein v. Forest Pres. Dist. of Cook County, No. 92 C 5567, 1994 WL 160563, at * 1 (N.D. Ill., April 28, 1994).

As the Seventh Circuit has noted, courts generally have rejected the attempt to deduct unemployment compensation payments from back pay. Perry, 794 F.2d at 286 n. 3. See, Stein v. Forest Preserve Dist., No. 92C5567 1994 WL 160563 at *2, Apr. 28, 1994 (N.D.Ill.)(ADEA case); E.E.O.C. v. Corinth, Inc., 824 F. Supp. 1302, 1311 (N.D.Ind. 1993)(TITLE VII case); Certified Midwest Inc. v. Local 738, 686 F. Supp. 189, 193 (N.D.Ill. 1988)(arbitration award affirmed). The mere fact that the employer pays a tax that creates a fund from which unemployment benefits are paid is not determinative whether such benefits are considered a collateral source. Perry, 794 F.2d at 286. See also, Schuster v. Shepard Chevrolet, Inc. , No. 99C8326, 2002 WL 507130 at *6, April 3, 2002 (N.D.Ill.).

Defendant has provided no explanation as to why the facts in this case might support an offset by the amount of unemployment benefits received by Plaintiff. An offset would reward the Defendant for conduct found by a jury to have been wrongful. Moreover, there is nothing about the facts in this case that would result in the conclusion that Defendant would be paying twice in the absence of an offset.

For those reasons and in light of the above cited authority, I conclude in my discretion that unemployment benefits received by Plaintiff are a collateral source that should not be used to offset any damages that might be awarded in this case. Evidence of the amount of those benefits may not be introduced, and upon submission of an instruction, the court will consider whether the jury should be instructed not to reduce any damages because of Plaintiff's receipt of such benefits. The motion in limine as to this issue is accordingly granted.

Plaintiff next argues that because the defendant has not plead as an affirmative defense plaintiff's failure to mitigate damages, no such evidence or argument should be permitted. Plaintiff also argues that defendant has adduced no evidence during discovery that would support such a defense.

Plaintiffs must mitigate damages by using reasonable diligence in seeking employment after termination. Gaffney v. Riverboat Svcs. of Indiana, Inc., 451 F.3d 424 (7th Cir. 2006). Failure to mitigate damages is an affirmative defense. Fed.R.Civ.P. 8(c); Sheehan v. Donlen Corp., 173 F.3d 1039 (7th Cir. 1999); Hutchison v. Amateur Electronic Supply, Inc., 42 F.3d 1037, 1044 (7th Cir. 1994). Defendant bears the burden of establishing that the plaintiff failed to exercise reasonable diligence to mitigate damages and there was a reasonable likelihood that plaintiff might have found comparable work in the exercise of reasonable diligence. Id., Gaffney, 451 F.3d at 460; Sheehan, 173 F.3d at 1048-49.

The first prong of Plaintiff's argument - that an affirmative defense must be plead - is rejected. Pleadings may be amended to conform to evidence, up to and even after trial,

when justice so requires.  Fed.R.Civ.P. 15(a).  To the extent that evidence is produced at trial, defendant may amend its answer to conform to that evidence.

The second prong of Plaintiff's argument - that there is no such evidence - is premature.  That argument will be considered at the close of defendant's case.  If Plaintiff is correct that there is no evidence of failure to mitigate, the defense will not go to the jury.  Ruling on this issue is denied at this time, with leave to re-raise the question at the conclusion of defendant's case.

The third argument is that any evidence about Garon's work performance, disciplinary issues, and attendance problems should be excluded because the only reason given for Garon's termination was use of the company computer in violation of company policy.  As a result, plaintiff argues that this evidence is either irrelevant or its prejudice outweighs any probative value.

Plaintiff is incorrect.  What Plaintiff must show to carry his burden is that "a" factor in defendant's employment decision was the complaint he made.  That does not preclude the employer from considering other factors as well.  To the extent that defendant's explanation at trial is inconsistent with its prior explanation, that goes to the credibility and the weight of the evidence, not to relevance or admissibility.  Plaintiff's motion is denied as to this issue.

The fourth argument stems from what plaintiff characterizes as defendant's "claim" that there are employees who saw Garon using the company computer to write the disputed letter. Plaintiff anticipates (and defendant's response to the motion does not rebut that anticipation) that defendant will be trying to introduce this evidence not by offering

testimony from the employees who actually saw Garon using the computer, but rather by offering testimony of persons to whom these employees later reported what they had seen.

Plaintiff seeks exclusion of any such evidence as hearsay inadmissible under Fed.R.Evid. 801, 802 and 803.  Defendant argues that such testimony goes only to the fact that the statements were made to its agents, not to the truth of the statements.

Fed.R.Evid. 802 excludes hearsay evidence.  Fed.R.Evid. 801 defines "hearsay" as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  If Defendant is correct, the disputed testimony is not hearsay in the first instance, because the statements would be offered for some purpose other than the truth.

Generally speaking, an out-of-court statement is not hearsay where it offered to show the effect of the statement on the person hearing it or the state of mind of the person hearing it.  In Luckie v. Ameritech Corp., 389 F.3d 708, 715-16 (7th Cir. 2004), the plaintiff asked the appellate court to reverse the district court's refusal to bar hearsay.  The Plaintiff was a manager in the Defendant's Human Resources department.  Initially, one of Plaintiff's supervisors was Jane Marvin.  When Marvin left the company, her replacement was Gwen Patterson.  Patterson was asked to investigate reports of dissatisfaction with the Human Resources department.  As part of that investigation, she interviewed Marvin, who told her (and stated in an affidavit) that Luckie had "topped out" and probably would not be able to perform her managerial job duties.  Patterson also interviewed the Director of Human Resources, who stated that Luckie had a "toxic effect" on the organization. Patterson immediately began documenting Luckie's performance problems.  She was given a performance improvement plan that required improvement in specified areas within 30

days. At the end of the 30 days, Patterson decided to fire Luckie based on continued performance problems. Plaintiff believed, however, that the decision was racially motivated and filed suit.

The District Court declined to exclude the statements made by Marvin and the HR Director. On appeal, the Seventh Circuit affirmed, finding that the statements were not hearsay because they were offered not for their truth but rather to show Patterson's state of mind when evaluating Luckie's performance. See also, EEOC v. Univ. of Chicago Hospitals, 276 F.3d 326, 333 (7th Cir. 2002)(out-of-court statement by co-employee of discharged employee that "it looked like she was going to get fired" not offered to prove that it looked like she would get fired but rather to demonstrate that she returned to work believing that she would be fired).

This is a much closer case than either of the two cases cited above. I conclude, however, that the statements cannot be offered by anyone other than the declarants. The statements that plaintiff asks to have excluded are far more specific than the statements in either of the above-cited cases. They are neither generalized statements of opinion about performance as in Luckie, nor are they statements made by Plaintiff himself as in University of Chicago. Instead, the substance of the statements goes to the very heart of defendant's defense: that plaintiff was fired because he used the company computer. The truth of these statements simply cannot be separated from the Defendant's claim that the statements were made.

Were these statements to be admitted vicariously, plaintiff would be unable to cross examine the declarants, testing their perception, memory, bias, and other indicia of reliability. The ability to cross examine is one of the fundamental policies underlying the

hearsay rules, and this example illustrates the need for the rule.  The inability of the plaintiff to cross examine the declarants of such crucial information validates the conclusion that in this case, these statements offered by non-declarants are inadmissible hearsay.

Moreover,  even if I were to conclude that the statements were not hearsay, I would conclude that admitting them would create prejudice that substantially outweighs any probative value and further has a very real potential to mislead the jury.  Under Fed.R.Evid. 403, such evidence may be excluded even if otherwise relevant.

For either reason, the out-of-court statements by plaintiff's co-employees may not be the basis of testimony by anyone other than the declarants themselves.  The motion in limine is granted to that extent.

ENTER this 18th day of January 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE